#71934

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF TEXAS

**CALVIN CARRICK**,

> Plaintiff, Pro Se,

**v.**                                                    Civil Action No:

## 3-14CV0372-P

**COMMUNICATIONS WORKERS of AMERICA, AFL-CIO;**

**AT&T INC.,**

> Defendants.

---

## CIVIL COMPLAINT
### and JURY DEMAND

---

**CALVIN CARRICK**
**Plaintiff, pro se**
**1909 Johnson St.**
**Little Rock, AR 72204**
**(501) 307-3500**
**30 January 2014**

I, Calvin Carrick, Plaintiff, pro se, complain of Defendants and state:

## INTRODUCTION – NATURE OF THE ACTION

1.     The Congress of the United States has declared in the National Labor Relations Act, that labor unions and employers shall be obligated to bargain collectively and in good faith, the terms and conditions of employment, negotiations of any agreement, and any question arising there under. **[29 U.S.C. §158(d)]**

2.     *"Good faith bargaining necessarily requires that claims made by either bargainer should be honest claims." ""Good faith" means more than merely going through the motions of negotiating..."*
*Labor Board v. Truitt Mfg. Co.*, **351 U.S. 149, 152, 154 (1956)**

3.     Plaintiff contends that both Defendants failed their mutual obligation to negotiate in good faith at grievance meetings relative to the termination of Plaintiff's employment.

4.     This case arises out of AT&T's (the Company) experimentation and development of a computer-based employee bean counting scheme known as MSOC (Management Systems Operating Control). In 2008, this MSOC system was used to provide false performance marks in Plaintiff's evaluations.  Plaintiff contends that the evidence will show that management at AT&T, knew or reasonably should have known, the MSOC system was not an accurate measure of employee performance as the Company advertised.

2

5.     Plaintiff was terminated in February 2009 and encouraged at that time by a Communication Workers of America (the Union) rep to file a grievance, and did so the same month. Apparently, with no better explanation to date, the local Union lost track of the grievance, suggesting the loss was due to the local Union President being deployed on military duty.

6.     The Union, seemingly, rediscovers the grievance nearly a year later in January 2010 and assigns a Union officer (who was never absent nor deployed) on 19 January 2010 to investigate and set up grievance meetings. But the Union officer hurriedly set up meetings before interviewing the grievant (the Plaintiff in this case) or conducting an investigation of the allegations of the grievance.

7.     The Union then proceeded to grievance meetings with the Company, and with no investigation and no ammunition, was predictably denied by the Company. Plaintiff contends the actions of the Union, throughout the entire Union chain of command, with respect to grievance were simply inexplicable. Perhaps because the Plaintiff was not a member of the Union.

8.     Therefore, Plaintiff sues Defendant AT&T for making dishonest claims relative to MSOC bean counting scheme at grievance

meetings. And Plaintiff sues Defendant Communication Workers of America for failing to negotiate in good faith by *"...merely going through the motions of negotiating..."* at grievance meetings. Defendants have violated the National Labor Relation Act, 29 U.S.C. § 157-158, and Plaintiff seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, and because the action arises under federal statutes, 29 U.S.C. §157-158.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that events giving rise to Plaintiff's claims occurred within this district, where Plaintiff and Defendants resided at all relevant times.

## THE PARTIES

11.     **Plaintiff Calvin Carrick** is a citizen and resident of the United States, currently domiciled in Pulaski County, Arkansas.

12.     **Defendant Communication Workers of America** is headquartered in Washington, D.C. and engages in Union activities in Dallas, Texas under the jurisdiction of this Court pursuant to 29 U.S.C. §185(c)(2).

13.   **Defendant AT&T, Inc**. is, and at all relevant times, a corporation organized under the laws of the State of Texas with its headquarters and principal place of business in Dallas, Texas. AT&T Inc. is a regulated business pursuant to the rules of the Federal Communications Commission, engages in interstate commerce or engages in the delivery of goods and services for commerce.

## FACTUAL ALLEGATIONS

14.   Plaintiff started working for Southwestern Bell (SBC) in March 2000 in Little Rock, Arkansas. In 2003, SBC moved Plaintiff's work center to Richardson, Texas. In 2005 SBC and AT&T merged into the current AT&T, Inc. Plaintiff's employment was terminated in February 2009.

15.   The record shows, Plaintiff had no so-called job or work related performance problems what so ever until the 2006 year's evaluation. In fact, the previous year's evaluation, 2005, shows Plaintiff received the highest overall rating, and was described by managers as a "go-to person in this crew".

16.   Plaintiff recalls that between 2005-2006, as SBC merged with AT&T, and then AT&T merged with Bell South, the Company's workers had a sense of worry and dread, rather than jubilation about prospects of re-

organization, re-shuffling and job cuts as the 'Baby Bells' realigned. This period of major changed proved to be a corporate bean counter's dream.

18.     Amongst the swell of ideas coming from management during this time of change, with managers wrangling for positions and importance, came this notion of computerizing employee work functions and evaluations. Two examples, of these initially experimental projects, were called "Tech-Score" and then the later project "MSOC".

19.     The record shows that Plaintiff's 2006 year's evaluation, which was presented to Plaintiff on 28 March 2007, contained erroneous job performance data from the Tech-Score bean counting system. It was widely known and discussed that the roll out of this bean scheme was a fiasco that the Company would not admit.

20.     With such erroneous performance data now appearing as fact on employee evaluations, the records shows, Plaintiff made a written request on 29 March 2007, for the Tech-Score formulation or program producing such false data. After repeated verbal and written requests, Plaintiff received no useful information or response from the Company until nearly a year later, in February 2008.

21.     The Company never provided complete information of the Tech-Score formulation. However, the Plaintiff undeterred, conducted a

painstakingly detailed maintenance log audit of the Tech-Score system's output data for the 2007 year's evaluation period, and found the bean counting scheme program to be 73% inaccurate. That is, of the data fields in question, the Tech-Score program made miss judgments in more than 2 out 3 outputs. Yet the Company utilized this grossly false data as fact.

22.    Plaintiff confirmed findings to management, but the Company took no action, presumably because the Tech-Score system was being discontinued and replaced by MSOC. However, the problem remains with 2006 and 2007 employee evaluations containing false job performance marks from the Tech-Score bean scheme.

23.    For 2008 the Company rolled out, the presumably new and improved, MSOC bean system. It was immediately clear that MSOC contained many of the same fundamental flaws as its predecessor.

24.    The record and other evidence shows the Plaintiff, perhaps more than any other center employee, had made specific requests which called in to question the results of the bean counting scheme. The Company engaged in a retaliation campaign against Plaintiff by filling Plaintiff's personnel file with false job performance data, and Plaintiff was terminated on 2 February 2009, before receiving the 2008 performance evaluation which the Company knew Plaintiff would have thoroughly audited.

25.     Plaintiff filed a union grievance on 23 February 2009, and assumed Union would handle appropriately. Plaintiff was patiently awaiting contact from the Union, and considered that perhaps the ongoing contract negotiations between the Union and Company might have delayed processing of the grievance.

26.     But after contract talks should have long ended and the holidays long passed, there was still no contact from the Union. Plaintiff emailed Union on 20 January 2010, only to find out that the Union had apparently lost track of the grievance. The Union suggested the loss was due to the local president being deployed on military duty.

27.     The evidence shows the Union had lost track of grievance long ago, and had conducted no interview with grievant, collected no witness statements, gathered no data relative to allegations in grievance, made no records, and essentially did no investigation at all, or in any manner consistent with the normal grievance processes of unions nationwide.

28.     And once grievance was rediscovered, instead of admitting the mistake, the Union set out to spin a cover-up by hastily setting up grievance meetings, which predictively, could do nothing but fail. The Union had fair opportunity to correct their handling of the grievance, but rather chose to circumvent responsibility by orchestrating a cover-up.

## CLAIM FOR RELIEF

28.     Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

29.     Defendant AT&T, Inc. and Defendant Communications Workers of America knowingly and willfully violated the National Labor Relations Act, 29 U.S.C. §157 and §158(d) by failing to confer in good faith.

30.     In that, AT&T Inc. knowingly, made dishonest claims at grievance meetings by presenting false job performance evaluations marks. And that the Union, willfully, intentionally and repeatedly disregarded its to responsibility to reasonably process the grievance in good faith, and merely went through the motions of doing so.

31.     As a direct result of Defendant's violations of the National Labor Relations Act, Plaintiff has suffered loss wages and benefits, and is accordingly entitled to recover damages in amounts to be determined by the jury at trial.

## JURY TRIAL DEMAND

32.     Pursuant to Rule 38 of the Federal rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR REIEF

**WHEREFORE,** Plaintiff prays for the following relief:

A.     That this Court find that Defendants willfully and knowingly violated the National Labor Relations Act, 29 U.S.C. §158(d).

B.     That the Court finds that as a result of Defendants unlawful acts, Plaintiff was terminated without just cause and should be reinstated.

C.     That the Court award to Plaintiff compensatory and punitive damages as determined by jury at trial, as well as all other just and proper relief this Court may deem appropriate.

Respectfully submitted,

Dated: **January 30, 2014**

**CALVIN CARRICK, Plaintiff, pro se**
1909 Johnson St., Little Rock, AR 72204
(501) 307-3500
cal.mkiii@yahoo.com

## CERTIFICATE OF SERVICE

I, CALVIN CARRICK, do hereby certify that a true copy of the foregoing was hand delivered to the following, this **January 30, 2014**:

**CWA**                                         **AT&T**
c/o CWA – District 6                    208 Akard St.
Woodview Tower, Suite 610      Dallas, Texas 75202
1349 Empire Central
Dallas, Texas 75247

CALVIN CARRICK

10

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CALVIN R. CARRICK, PLAINTIFF, PRO SE

**DEFENDANTS**
COMMUNICATION WORKERS of AMERICA;
AT&T, INC.

**(b)** County of Residence of First Listed Plaintiff    PULASKI, AR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    DALLAS, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PLAINTIFF, PRO SE    1909 JOHNSON ST.
LITTLE ROCK, AR 72204
(501) 307 3500

Attorneys *(If Known)*

RECEIVED
JAN 30 2014
CLERK US DISTRICT COURT

3-14CV0372-P

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 158(d) - NATIONAL LABOR RELATIONS ACT

Brief description of cause:
DEFENDANTS FAILED TO NEGOTIATE IN GOOD FAITH.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE                DOCKET NUMBER

DATE
01/30/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____